LAW OFFICES OF CURTIS B. COULTER, P.C.
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
Telephone: (775) 324-3380
Facsimile:  (775) 324-3381
ccoulter@coulterlaw.net

*Attorney for Plaintiffs*

[Additional Counsel on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE RIER and DAVID A. MCSHERRY, SR., derivatively on behalf of CHINA GREEN AGRICULTURE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TAO LI, LIAN FU LIU, YU HAO, ROBERT B. FIELDS, YIZHAO ZHANG, and KABANI & COMPANY, <br><br> Defendants, <br><br> and <br><br> CHINA GREEN AGRICULTURE, INC., <br><br> Nominal Defendant. | Case No. 3:11-CV-00178-LRH-WGC <br><br><br> **STIPULATION AND ORDER TO DISMISS ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23.1 AND 41(A)** |

Pursuant to Federal Rules of Civil Procedure 23.1 and 41(a), plaintiffs Jamie Rier and David A. McSherry, Sr., (the "Federal Plaintiffs"), defendants, Tao Li, Lian Fu Liu, Yu Hao, Robert B. Fields, Yizhao Zhang, Kabani & Company, Inc., and nominal defendant China Green Agriculture, Inc., ("China Green" or the "Company"), by and through their counsel, jointly submit the following Stipulation and Order to dismiss the above-captioned action (the "Federal Derivative Action") against all defendants with prejudice.  The parties wish to dismiss the Federal Derivative Action based on the settlement of a related consolidated state action styled *In re China Green Agriculture, Inc. Derivative Shareholder Litigation*, Lead Case No. 10 OC

00563 1B (the "State Derivative Action"), which released the claims Federal Plaintiffs were pursuing in the above-entitled action.  Accordingly, the parties request that this Court enter an order dismissing this action with prejudice.

WHEREAS, the parties to the State Derivative Action submitted an executed Stipulation of Settlement (the "Settlement") (attached hereto as Exhibit 1) to the First Judicial District Court of the State of Nevada, Carson City (the "State Court");

WHEREAS, on February 2, 2012, the State Court entered a preliminary approval order, which preliminarily approved the Settlement, and approved the form and manner of the proposed notice of Settlement to China Green's stockholders;

WHEREAS, pursuant to the Court's Preliminary Approval Order, notice of the proposed settlement of the State Derivative Action was filed with the U.S. Securities and Exchange Commission on Form 8-K, posted on China Green's website, posted on Plaintiffs' Co-Lead Counsel's website, and published in *Investor's Business Daily*;

WHEREAS, all of the claims and causes of action that have been or could have been asserted against defendants that are based upon, arise out of, or relate to the claims, facts, transactions, events, occurrences, acts, disclosures, statements, omission, or failures to act that were alleged in the Federal Derivative Action were settled and released by the parties in the State Derivative Action;

WHEREAS, the Federal Plaintiffs agree that the settlement reached in the State Derivative Action is in the best interest of China Green, the Federal Plaintiffs, and China Green's stockholders;

WHEREAS, Federal Plaintiffs' counsel will be paid attorneys' fees and expenses from the fees and expenses awarded in the State Derivative Action by the State Court;

WHEREAS, the Federal Plaintiffs and their counsel agree to waive and to release China Green, all defendants, and their insurers from any and all claims for attorneys' fees and expenses;

1       WHEREAS, on March 30, 2012, the State Court granted final approval of the Settlement

2  and entered the Final Order and Judgment, attached hereto as Exhibit 2;

3       WHEREAS, the Settlement ordered by the State Court provides that "[w]ithin five

4  calendar days after entry by the Court of the Judgment approving the Settlement, the Federal

5  Plaintiffs shall file a voluntarily dismissal in the Federal Action, dismissing the Federal Action

6  with prejudice…" (*see* Exhibit 1, ¶ 3.7);

7       NOW THEREFORE, the parties hereby stipulate that, subject to the approval of the

8  Court, the above-captioned Federal Derivative Action be, and hereby is, dismissed with

9  prejudice, with each party bearing its own expenses and costs of court, except as provided by the

10  Final Order and Judgment issued by the State Court.

11

12  DATED: April 4, 2012           LAW OFFICES OF CURTIS B. COULTER, P.C.
                                       CURTIS B. COULTER

13                                 /s/ Curtis B. Coulter

14                                   CURTIS B. COULTER (BAR NO. 3034)

15                                403 Hill Street
                              Reno, NV 89501
                              Telephone: (775) 324-3380

16                                Facsimile:  (775) 324-3381

17                                KESSLER TOPAZ
                              MELTZER & CHECK, LLP

18                                ERIC L. ZAGAR, *admitted pro hac vice*
                              RICHARD KIM, *admitted pro hac vice*

19                                280 King of Prussia Road
                              Radnor, PA 19087

20                                Telephone: (610) 667-7706
                              Facsimile: (610) 667-7056

21

22                                *Counsel for Plaintiffs Jamie Rier and David A.*
                              *McSherry, Sr.*

23  DATED: April 4, 2012           DOWNEY BRAND LLP

24

25                                /s/ Michelle Kazmar
                              MICHELLE KAZMAR (BAR NO. 10098)

26

27

28

1

427 West Plumb Lane
Reno, Nevada 89509

2

Telephone: (775) 329-5900
Facsimile: (775) 786-5443

3

4

SIDLEY AUSTIN LLP
SARA B. BRODY, *admitted pro hac vice*

5

CECILIA Y. CHAN, *admitted pro hac vice*
555 California Street

6

San Francisco, CA 94104
Telephone: (415) 772-1200

7

Facsimile: (415) 772-7400

8

*Counsel for Defendants Tao Li, Lian Fu Liu, Robert*
*Fields, and Yizhao Zhang, and Nominal Defendant*

9

*China Green Agriculture, Inc.*

10

DATED: April 4, 2012

THORNDAL, AMSTRONG,
DELK,BALKENBUSH & EISINGER

11

12

/s/ Stephen B. Balkenbush

13

STEPHEN B. BALKENBUSH
(BAR NO. 1814)

14

6590 S. McCarran Blvd., Suite B

15

Reno, NV 89509
Telephone: (775) 786-2882

16

Facsimile: (775) 786-8004

17

LECLAIR RYAN, a Professional Corporation
JENNIFER L. SARVADI

18

2318 Mill Road, Suite 1100
Alexandria, VA 22314

19

Telephone: (703) 647-5944
Facsimile: (703) 684-8075

20

*Counsel for Defendant Kabani & Company, Inc.*

21

**ORDER**

22

Good cause appearing, the stipulation of the parties is accepted.

23

24

IT IS SO ORDERED.
DATED this 4th day of April, 2012.

25

26

27

28

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# *Exhibit "1"*

THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
Nevada State Bar No. 8599
WILLIAM M. O'MARA
Nevada State Bar No. 837
311 East Liberty Street
Reno, NV 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

Co-Lead Counsel for Plaintiffs

[Additional Counsel on signature page]

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

| | |
|---|---|
| IN RE CHINA GREEN AGRICULTURE, INC. DERIVATIVE SHAREHOLDER LITIGATION | Lead Case No. 10 OC 00563 1B |
| | (Consolidated with Case Nos. 11 OC 00208 1B and 11 OC 00202 1B) |
| This Document Relates To: | |
| ALL ACTIONS | Dept. No. I |
| | **STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement ("Stipulation"),[1] dated January 10, 2012, is entered into, by and through their respective undersigned counsel, among and between: (i) State Plaintiffs Karen Hall ("Hall"), Hongyi Yu ("Yu"), and Brian Wilson ("Wilson") and Federal Plaintiffs Jamie Rier ("Rier") and David McSherry, Sr. ("McSherry"), each individually and derivatively on behalf of China Green Agriculture, Inc. ("China Green" or the "Company"); (ii) Individual Defendants Tao Li ("Li"), Ken Ren ("Ren"), Yu Hao ("Hao"), Lianfu Liu ("Liu"), Yizhao Zhang ("Zhang"), Robert B. Fields ("Fields"), Barry L. Raeburn ("Raeburn"), and Ying Yang ("Yang") (collectively, the "Individual Defendants"); (iii) Federal Defendant Kabani & Company, Inc. ("Kabani"); and (iv) nominal defendant China Green (all defendants collectively referred to herein as "Defendants").  This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and dismiss the Actions with prejudice, upon the terms and subject to the conditions set forth herein.

## I.        BACKGROUND OF THE ACTIONS AND SETTLEMENT NEGOTIATIONS

China Green is a Nevada corporation headquartered in the People's Republic of China that engages in the research, development, manufacturing, and distribution of humic acid based compound fertilizers and the development and production of agricultural products, such as top-grade fruits, vegetables, flowers, and colored seedlings.  On December 10, 2010, plaintiff Hall filed the first shareholder derivative action on behalf of China Green in the First Judicial District Court of the State of Nevada in and for Carson City under the caption *Hall v. Li*, Case No. 10 0C 00563 IB.  The complaint alleged, among other things, that the Individual Defendants breached their fiduciary duties of due care, loyalty, and good faith to the Company in connection with the Company's disclosures regarding aspects of the Company's financial operations and results.

On December 28, 2010, plaintiff Yu filed a related shareholder derivative action against the Individual Defendants in the Eighth Judicial District Court for the State of Nevada in and for Clark County under the caption *Yu v. Li*, Case No. A-10-632228-C.

---

[1] All capitalized terms are defined in Section IV.1 below, unless otherwise noted.

On January 5, 2011, Federal Plaintiffs filed a related action against the Individual Defendants and Kabani in the U.S. District Court for the District of Columbia under the caption *Rier v. Li*, Case No. 1:11-CV-00039.

On January 7, 2011, plaintiff Wilson filed a related action against the Individual Defendants in the Eighth Judicial District Court for the State of Nevada in and for Clark County under the caption *Wilson v. Li*, Case No. A-11-632848-C.

On February 24, 2011, the parties to the *Hall* action filed a stipulation to stay the case pending mediation. On February 25, 2011, the Court entered an order temporarily staying the *Hall* action pending mediation.

On March 10, 2011, by stipulation of the parties, the Federal Action was voluntarily transferred to the U.S. District Court for the District of Nevada. The parties further agreed to stay this action pending the outcome of their mediation efforts.

On April 12, 2011, counsel for the Company and the Individual Defendants provided a pre-mediation presentation concerning the allegations in Plaintiffs' complaints. Given the related nature of the *Hall*, *Yu*, and *Wilson* actions and the Federal Action, all Plaintiffs were invited to participate in the pre-mediation presentation and the mediation. In addition, and subject to a confidentiality agreement executed by Plaintiffs' counsel, the Company produced certain non-public documents related to Plaintiffs' allegations to assist in the Parties' settlement efforts.

On April 15, 2011, Plaintiffs sent a settlement demand. Counsel for the Company and the Individual Defendants responded on May 9, 2011.

On April 25, 2011, the Company filed motions to transfer the *Yu* and *Wilson* Actions from the Eighth Judicial District Court for the State of Nevada in and for Clark County to the First Judicial District Court of the State of Nevada in and for Carson City.

On May 12, 2011, the Parties engaged in a private, in-person mediation with JAMS mediator Jed Melnick, Esq., at the office of Sidley Austin LLP in Washington, D.C. At the mediation session, the Parties made substantial progress in reaching an agreement to settle the Actions, however no formal agreement was reached, and the Parties agreed to continue negotiations.

Pursuant to the agreement to continue the settlement negotiations reached at the May 12, 2011 mediation, the Parties and their respective counsel engaged in numerous additional negotiations concerning the corporate governance reforms that China Green would adopt as part of the Settlement.  In connection with these negotiations, Plaintiffs' Counsel undertook a comprehensive analysis of the corporate governance practices at China Green and proposed numerous reforms to the Company's corporate governance practices.  Over the ensuing months, the Parties and their respective counsel spent significant work preparing, reviewing, negotiating, and ultimately agreeing upon the corporate governance reforms set forth in Exhibit A attached hereto.

On May 31, 2011, the *Yu* and *Wilson* actions were transferred to the First Judicial District Court of the State of Nevada in and for Carson City.

On June 7, 2011, and July 6, 2011, the parties to the State Action filed stipulations to extend the pending stay in light of their ongoing settlement negotiations.  The Court granted both stipulations to extend the stay.

On July 19, 2011, counsel for the parties to the *Hall*, *Yu*, and *Wilson* actions executed and filed a stipulation to consolidate the actions and appoint lead counsel.  On July 21, 2011, the Court entered an order consolidating the actions under the caption *In re China Green Agriculture, Inc. Derivative Shareholder Litigation*, Lead Case No. 10 OC 00563 1B, appointing Robbins Umeda LLP and the Weiser Law Firm, P.C. as Plaintiffs' Co-Lead Counsel, and appointing the O'Mara Law Firm, P.C. as Plaintiffs' Liaison Counsel.

On August 19, 2011, the parties to the State Action filed a stipulation to extend the pending stay in light of their ongoing settlement negotiations.  On September 16, 2011, the Court entered an order extending the stay.

In late September 2011, after months of arm's-length negotiations, the parties reached an agreement in principle to settle these derivative cases.

**II.    PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFITS OF SETTLEMENT**

Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the underlying events alleged in the Action including, but not limited to: (1) inspecting, analyzing, and reviewing China Green's public filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, and news articles; (2) drafting and filing the various complaints in the Actions; (3) preparing a mediation brief and participating in a mediation; (4) researching the applicable law with respect to the claims asserted in the Actions and the potential defenses thereto; (5) researching corporate governance issues; (6) attending an in person meeting with Defendants' Counsel to discuss the merits of the Actions; and (7) participating in extensive settlement discussions with counsel for the Defendants.  As a result of this investigation, Plaintiffs believe the Actions have substantial merit.

Nonetheless, Plaintiffs and Plaintiffs' Counsel recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Actions against the Individual Defendants and Kabani through trial and through possible appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems of proof and possible defenses to the claims alleged in such actions.  Plaintiffs' Counsel have conducted a thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, and believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon China Green and its shareholders.  Based upon Plaintiffs' Counsel's evaluation, Plaintiffs have determined that the Settlement is in the best interests of China Green and have agreed to settle the Actions upon the terms and subject to the conditions set forth herein.

## III. THE INDIVIDUAL DEFENDANTS' AND KABANI'S DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny they have committed, threatened, or attempted to commit, any violations of law or breached any duty owed to Plaintiffs, China Green, or its shareholders.  Without admitting the validity of any allegations made in the Actions, or any liability with respect thereto, the Individual Defendants have concluded that it is desirable that the claims against them be settled on the terms reflected in this Stipulation.   The Individual Defendants and China Green are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.   Further, the Individual Defendants and China Green acknowledge that the Settlement is fair, reasonable, adequate, and in the best interests of China Green and its shareholders. The Individual Defendants and China Green also acknowledge and agree that the corporate governance measures to be implemented directly as a result of the Settlement are significant and extensive and confer substantial benefits upon China Green and its shareholders by further improving the corporate governance, internal controls, and disclosure procedures at the Company.   Kabani also denied and continues to deny any wrongdoing, negligence, error, or omission on its part related to the auditing or accounting services provided to China Green.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Company, the Individual Defendants, or Kabani of any fault, wrongdoing, or concession of liability whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and derivatively on behalf of China Green), the Individual Defendants, Kabani, and China Green, each by and through their respective counsel, that, subject to Court approval, the Released Claims shall be finally and fully compromised, settled, and

released, and the Actions shall be dismissed with prejudice, as to all Parties, upon the terms and subject to the conditions set forth herein as follows:

**1.      Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1      "Actions" means the Federal Action and the State Action.

1.2      "Board" means the China Green board of directors.

1.3      "China Green" or the "Company" means China Green Agriculture, Inc.

1.4      "Company's Counsel" means Sidley Austin LLP, 555 California Street, San Francisco, California 94104 and Downey Brand LLP, 427 West Plumb Lane, Reno, Nevada 89509.

1.5      "Court" means the First Judicial District Court of the State of Nevada in and for Carson City.

1.6      "Current China Green Shareholders" means any Persons who owned China Green common stock as of the date of the Execution Date and who continue to hold their China Green common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the current officers and directors of China Green, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest, and Kabani.

1.7      "Defendants' Counsel" means Sidley Austin LLP, 555 California Street, San Francisco, California 94104, Downey Brand LLP, 427 West Plumb Lane, Reno, NV 89509, LeClairRyan, 2318 Mill Road, Suite 1100, Alexandria, Virginia 22314, and Thordal, Armstrong, Delk, Balkenbush & Eisinger, 6590 S. McCarran Blvd., Suite B, Reno, Nevada 89509, collectively.

1.8      "Defendants' Released Claims" means any and all claims, debts, rights, or causes of action or liabilities, including Unknown Claims, that could be asserted in any forum by the Released Persons or their successors and assigns against Plaintiffs, Plaintiffs' Counsel, or China Green, which arise out of or relate in any way to the institution, prosecution, or Settlement of the Actions (except for any claims to enforce the Settlement).

1.9    "Effective Date" means the first date by which all of the events and conditions specified in paragraph 6.1 herein have been met and have occurred.

1.10    "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

1.11    "Federal Action" means the shareholder derivative action pending in the U.S. District Court for the District of Nevada captioned *Rier v. Li*, Case No. 3:11-cv-00178-LRH.

1.12    "Federal Court" means the U.S. District Court for the District of Nevada.

1.13    "Federal Plaintiffs" means Jamie Rier and David McSherry, Sr., individually and derivatively on behalf of China Green.

1.14    "Fee Amount" means the agreed upon sum to be paid for Plaintiffs' attorneys' fees and expenses, subject to Court approval, in recognition of the substantial benefits conferred upon China Green by the filing, prosecution, and Settlement of the Actions.

1.15    "Final" means the expiration of all time to seek appeal or other review of the Judgment, or if any appeal or other review of such Judgment is filed and not dismissed, after such Judgment is upheld on appeal in all material respects and is no longer subject to appeal, reargument, or review by writ of certiorari or otherwise.

1.16    "Kabani" means Kabani & Company, Inc.

1.17    "Kabani's Counsel" means LeClairRyan, 2318 Mill Road, Suite 1100, Alexandria, Virginia 22314 and Thordal, Armstrong, Delk, Balkenbush & Eisinger, 6590 S. McCarran Blvd., Suite B, Reno, Nevada 89509.

1.18    "Individual Defendants" means Tao Li, Ying Yang, Ken Ren, Yu Hao, Lianfu Liu, Robert B. Fields, Yizhao Zhang, and Barry L. Raeburn.

1.19    "Individual Defendants' Counsel" means Sidley Austin LLP, 555 California Street, San Francisco, California 94104 and Downey Brand LLP, 427 West Plumb Lane, Reno, Nevada 89509.

1.20    "Judgment" means the [Proposed] Final Order and Judgment to be rendered by the Court, substantially in the form of Exhibit E attached hereto.

1.21    "Parties" or "Settling Parties" means the Plaintiffs, the Individual Defendants, Kabani, and China Green.

1.22    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.23    "Plaintiffs" means the Federal Plaintiffs and the State Plaintiffs, individually and derivatively on behalf of China Green.

1.24    "Plaintiffs' Co-Lead Counsel" means Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, California 92101 and the Weiser Law Firm, P.C., 121 N. Wayne Avenue, Suite 100, Wayne, Pennsylvania 19087.

1.25    "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Actions.

1.26    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and setting a date for the Settlement Hearing to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.27    "Related Persons" means each of Defendants' past or present subsidiaries, parents, successors and predecessors, insurers, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and any firm, trust, corporation, officer, director, or other individual or entity in which any Individual Defendant, China Green, or Kabani has a controlling interest, and the legal representatives, heirs, successors in interest, or assigns of any Defendant.

1.28    "Released Claims" means any and all claims, rights, demands, causes of action, suits, matters, and issues of every kind and nature whatsoever, including, but not limited to, those arising under contract, statute, or common law, including "Unknown Claims" as defined herein, that have been asserted or could have been asserted by China Green or by China Green's shareholders suing derivatively on behalf of China Green against the Released Persons: (i) in the

1  Actions; (ii) based on or related to the facts, transactions, events, occurrences, acts, disclosures,

2  statements, omissions or failures to act relating to the Company's disclosures at issue in the

3  Actions, including all matters alleged in any of the complaints filed in the Actions, and that could

4  have been alleged in the complaints up to and including the date of this Stipulation, and (iii) the

5  Settlement, except for any claims to enforce the Settlement.

6      1.29   "Released Persons" means each of the Individual Defendants and Kabani and each

7  of their Related Persons.

8      1.30   "Settlement" means mean the Settlement documented in this Stipulation.

9      1.31   "Settlement Counsel" means Robbins Umeda LLP, 600 B Street, Suite 1900, San

10  Diego, California 92101, the Weiser Law Firm, P.C., 121 N. Wayne Avenue, Suite 100, Wayne,

11  Pennsylvania, 19087, and Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road,

12  Radnor, Pennsylvania, 19087.

13      1.32   "Settlement Hearing" means the hearing set by the Court to consider final

14  approval of the Settlement.

15      1.33   "State Action" means the consolidated shareholder derivative action pending in

16  the Court captioned *In re China Green Agriculture, Inc. Derivative Shareholder Litigation*, Lead

17  Case No. 10 OC 00563 1B.

18      1.34   "State Plaintiffs" means Karen Hall, Hongyi Yu, and Brian Wilson, individually

19  and derivatively on behalf of China Green.

20      1.35   "Stipulation" means this Stipulation of Settlement.

21      1.36   "Unknown Claims" means any of the Released Claims and any of the Defendants'

22  Released Claims that any Party does not know or suspect exists in his, her, or its favor at the time

23  of the Settlement including, without limitation, those claims which, if known, might have

24  affected the decision to enter into, or not object to, this Settlement.  The Parties expressly waive,

25  relinquish, and release any and all provisions, rights, and benefits conferred by or under section

26  1542 of the California Civil Code ("Section 1542") or any other law of the United States or any

27  state or territory of the United States, or principle of common law, which is similar, comparable,

28  or equivalent to Section 1542, which provides:

- 9 -

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to the Released Claims and Defendants' Released Claims in the Settlement, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims and Defendants' Released Claims known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do not exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

**2.     Terms of the Settlement**

2.1     As a direct result of the filing, prosecution, and Settlement of the Actions and the efforts of Plaintiffs' Counsel, the Board has approved the corporate governance measures set forth at Exhibit A and, subject to the Court's approval of the settlement, the Board will cause the Company to adopt such measures within thirty days, unless specifically provided otherwise in the corporate governance measures, of issuance of an order approving the Settlement of the Actions and to keep such measures in force and effect for a period of no less than five years, except where the time frame is expressly provided for otherwise, or except where further changes are necessary to reflect changes in the law, regulations, exchange listing requirements, or business needs of the Company.

2.2     China Green and the Individual Defendants acknowledge and agree that the filing, prosecution, and Settlement of the Actions were a substantial material factor behind the Board's decision to implement these corporate governance measures.  China Green and the Individual Defendants further acknowledge and agree that the corporate governance measures are significant and extensive and confer substantial benefits upon China Green and its shareholders by, among other things, further improving the corporate governance, internal controls, and disclosure procedures at the Company.

**3.     Preliminary Approval and Notice**

3.1     Promptly after execution of this Stipulation, the Parties shall submit this Stipulation together with its exhibits to the Court and shall jointly apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit B attached hereto, requesting: (i) preliminary approval of the Settlement as set forth in this Stipulation; (ii) approval of the form and manner of providing notice of the Settlement to Current China Green Shareholders; and (iii) a date for the Settlement Hearing.

3.2     Notice to Current China Green Shareholders shall consist of the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Summary Notice"), substantially in the form attached hereto as Exhibit C, and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice"), substantially in the form attached hereto as Exhibit D.   The Parties believe the content and manner of the notices requested constitute adequate and reasonable notice to Current China Green Shareholders pursuant to applicable law and due process.

3.3     Within ten calendar days after the entry of the Preliminary Approval Order, China Green shall publish the Summary Notice once in *Investor's Business Daily*.  China Green and its insurers shall be responsible for the costs associated with publishing the Summary Notice.

3.4     Within ten calendar days after the entry of the Preliminary Approval Order, China Green shall post copies of the Notice and this Stipulation on its company website and cause a copy of the Notice to be filed with the SEC via a Form 8-K.

3.5     Within ten calendar days after the entry of the Preliminary Approval Order, Robbins Umeda LLP shall post copies of the Notice and this Stipulation on its firm website.

3.6     Pending the Court's determination as to final approval of the Settlement, Plaintiffs and Current China Green Shareholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

3.7     Within five calendar days after entry by the Court of the Judgment approving the Settlement, the Federal Plaintiffs shall file a voluntary dismissal in the Federal Action, dismissing the Federal Action with prejudice, and shall use their reasonable best efforts to take,

or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to secure such dismissal with prejudice.

**4.     Releases**

4.1     Upon the Effective Date, Plaintiffs, China Green, and Current China Green Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.

4.2     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Defendants' Released Claims against Plaintiffs and Plaintiffs' Counsel; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.

4.3     Upon the Effective Date, Kabani shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, and extinguished any and all claims against China Green, the Individual Defendants, and their Related Persons, including but not limited to claims for indemnification, contribution or breach of contract, except this does not include any outstanding fees for prior audit work; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.  This release includes Unknown Claims under section 1542 of the California Civil Code or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**5.     Attorneys' Fees and Expenses**

5.1     In recognition of the substantial benefits conferred upon China Green as a direct result of the prosecution and Settlement of the Actions, and subject to Court approval, China

Green and Kabani shall cause their insurers to pay Plaintiffs' attorneys' fees and expenses in the amount of $650,000 (the "Fee Amount"), with China Green's insurers contributing $525,000 and Kabani's insurer contributing $125,000 to the Settlement.  The Fee Amount was negotiated after the Parties had substantially negotiated the material terms of the Settlement.

5.2     The Fee Amount shall be paid to Robbins Umeda LLP, as receiving agent for all of Plaintiffs' Counsel, within ten business days after the Court enters an order preliminarily approving the Settlement, subject to Plaintiffs' Counsel's obligation to refund that amount if it is reversed or modified on appeal. Settlement Counsel shall be responsible for allocation of the Fee Amount to Plaintiffs' Counsel based upon each counsel's contribution to the institution, prosecution, and resolution of the Actions, and no allocation shall be made absent the unanimous agreement of Settlement Counsel.  Except as otherwise provided herein, each of the Parties shall bear his, her, or its own fees and costs.

**6.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1     The Settlement shall be conditioned on the occurrence of all of the following events:

(a)     Court approval of the Settlement following notice to Current China Green Shareholders and the Settlement Hearing;

(b)     entry of the Judgment in the State Action;

(c)     dismissal of the Federal Action with prejudice;

(d)     payment to Plaintiffs' Counsel of attorneys' fees and expenses as approved by the Court; and

(e)     the Judgment has become Final.

6.2     If any of the conditions listed in paragraph 6.1 are not met, this Stipulation and any Settlement documentation shall be null and void and of no force and effect, unless Plaintiffs' Co-Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.  In the event that any of the conditions listed in paragraph 6.1 are not met, the Parties shall be restored to their positions on the date immediately prior to the execution date of this Stipulation, and this Stipulation shall not be deemed to constitute an admission of fact by any

- 13 -

Party, and neither the existence of this Stipulation, nor its contents shall be admissible in evidence or be referred to for any purposes in the Actions or in any litigation or judicial proceeding.

**7.    Bankruptcy**

7.1    In the event of any proceedings by or on behalf of China Green, whether voluntary or involuntary, initiated under any chapter of the U.S. Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.   By way of example only, the Parties agree to cooperate in making applications and motions to the bankruptcy court for relief from any stay, approval of the Settlement, authority to release funds, authority for China Green's insurers to disburse insurance proceeds consistent with this Stipulation, authority to release claims and indemnify officers and directors, and authority for the Court to enter all necessary orders and judgments, and any other actions reasonably necessary to effectuate the terms of this Stipulation.

7.2    If any Bankruptcy Proceedings on behalf of China Green are initiated prior to the payment of the Fee Amount, the Parties agree to seek an order from the bankruptcy court presiding over such Bankruptcy Proceedings: (i) either lifting the automatic stay for limited purposes of authorizing such payment, or finding that the payment of the Fee Amount on behalf of the Individual Defendants by their insurer or insurers under their respective policies or related compromise of coverage and the releases provided pursuant to this Stipulation does not violate the automatic stay; and (ii) finding that the payment of the Fee Amount on behalf of the Individual Defendants by their insurer or insurers under their respective policies does not constitute a preference, voidable transfer, fraudulent transfer, or similar transaction.   In addition, in the event of any Bankruptcy Proceedings by or on behalf of China Green, the Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the terms and conditions of this Stipulation.

### 8. Miscellaneous Provisions

8.1     The Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2     In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, any Party shall have the option to withdraw from the Settlement.

8.3     The Parties agree that terms of the Settlement were negotiated in good faith by the Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  In addition, the Parties agree that during the course of the Actions the Parties and their respective counsel at all times acted professionally and in compliance with Rule 11 of the Nevada Rules of Civil Procedure ("Rule 11") and any other court rule or statute with respect to any claims or defenses in the Actions.  Accordingly, the Judgment in the Actions will contain a finding that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 and any other court rule or statute with respect to any claims or defenses in the Actions.  The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Actions was brought or defended in bad faith or without a reasonable basis.

8.4     The existence of or the provisions contained in this Stipulation shall not be deemed to prejudice in any way the respective positions of the Parties with respect to the Actions, shall not be deemed a presumption, a concession, or admission by any of the Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Actions or with respect to any of the claims settled in the Actions, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

8.5     The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes between the Parties with respect to the Actions, constitute the entire agreement among the Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.6     This Stipulation may be modified or amended only by a writing signed by the signatories hereto.

8.7     This Stipulation shall be deemed drafted equally by all Parties hereto.

8.8     This Stipulation and the Settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the State of Nevada, without regard to Nevada's conflict of law rules.

8.9     No representations, warranties, or inducements have been made to any of the Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.10    Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so.

8.11    This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, successors, and assigns.

8.12    This Stipulation may be executed in counterparts by the signatories hereto, including by facsimile, and as so executed shall constitute one agreement.

8.13    All proceedings in the Actions shall be stayed, except as provided in this Stipulation.  Other than seeking approval of the Settlement or as permitted herein or as may be expressly required by the Court, Plaintiffs and Plaintiffs' Counsel agree that Plaintiffs will not take any action, take any discovery, or make any filings in the Actions other than those contemplated by this Stipulation.

8.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

1    IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

2  by their duly authorized attorneys, dated this __ day of _____, 2012.

3                              **AFFIRMATION**

4                         (Pursuant to NRS 239B.030)

5    The undersigned does hereby affirm that the preceding document filed in the above

6  referenced matter does not contain the social security number of any person.

7  DATED: January __, 2012              ROBBINS UMEDA LLP
                                        BRIAN J. ROBBINS
8                                       KEVIN A. SEELY
                                        LAUREN N. OCHENDUSZKO
9

10                                      _____
                                        KEVIN A. SEELY, ESQ.
11
                                        600 B Street, Suite 1900
12                                      San Diego, CA  92101
                                        Telephone: (619) 525-3990
13                                      Facsimile: (619) 525-3991

14                                      *Co-Lead Counsel for State Plaintiffs*

15  DATED: January _____, 2012          THE WEISER LAW FIRM, P.C.
                                        ROBERT B. WEISER
16                                      BRETT D. STECKER
                                        JEFFREY J. CIARLANTO
17

18
                                        _____
19                                      ROBERT B. WEISER, ESQ.

20                                      121 N. Wayne Avenue, Suite 100
                                        Wayne, PA 19087
21                                      Telephone: (610) 225-2677
                                        Facsimile: (610) 225-2678
22
                                        THE WEISER LAW FIRM, P.C.
23                                      KATHLEEN A. HERKENHOFF
                                        12707 High Bluff Drive, Suite 200
24                                      San Diego, CA 92130
                                        Telephone: (858) 794-1441
25                                      Facsimile: (858) 794-1450

26                                      *Co-Lead Counsel for State Plaintiffs*

27

28

                                    - 17 -

1    IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

2   by their duly authorized attorneys, dated this __ day of _____, 2012.

3                                    **AFFIRMATION**

4                            (Pursuant to NRS 239B.030)

5    The undersigned does hereby affirm that the preceding document filed in the above

6   referenced matter does not contain the social security number of any person.

7   DATED: January _____, 2012          ROBBINS UMEDA LLP
                                          BRIAN J. ROBBINS
8                                         KEVIN A. SEELY
                                          LAUREN N. OCHENDUSZKO
9

10

11                                        _____
                                                    KEVIN A. SEELY, ESQ.
12                                        600 B Street, Suite 1900
                                          San Diego, CA  92101
13                                        Telephone: (619) 525-3990
                                          Facsimile: (619) 525-3991
14
                                          *Co-Lead Counsel for State Plaintiffs*
15   DATED: January 8, 2012               THE WEISER LAW FIRM, P.C.
                                          ROBERT B. WEISER
16                                        BRETT D. STECKER
                                          JEFFREY J. CIARLANTO
17

18                                        _____
                                                  ROBERT B. WEISER, ESQ.
19
                                          121 N. Wayne Avenue, Suite 100
20                                        Wayne, PA 19087
                                          Telephone: (610) 225-2677
21                                        Facsimile: (610) 225-2678

22                                        THE WEISER LAW FIRM, P.C.
                                          KATHLEEN A. HERKENHOFF
23                                        12707 High Bluff Drive, Suite 200
                                          San Diego, CA 92130
24                                        Telephone: (858) 794-1441
                                          Facsimile: (858) 794-1450
25
                                          *Co-Lead Counsel for State Plaintiffs*
26

27

28

                                    - 17 -

THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA, ESQ. (BAR NO. 8599)
WILLIAM M. O'MARA, ESQ. (BAR NO. 837)
311 East Liberty Street
Reno, NV 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Liaison Counsel for State Plaintiffs*

ALDRICH LAW FIRM, LTD
JOHN P. ALDRICH
1601 S. Rainbow Blvd., Suite 160
Las Vegas, NV 89146
Telephone: (702) 853-5490
Facsimile: (702) 227-1975

*Additional Counsel for Plaintiff Hongyi Yu and
Brian Wilson*

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

LAW OFFICES OF HOWARD G. SMITH
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Plaintiff Brian Wilson*

DATED: January ____9____, 2012

KESSLER TOPAZ
   MELTZER & CHECK, LLP
ERIC L. ZAGAR
RICHARD KIM

_____
          ERIC L. ZAGAR, ESQ.

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Federal Plaintiffs*

LAW OFFICES OF CURTIS B. COULTER, P.C.
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
Telephone: (775) 324-3380
Facsimile: (775) 324-3381

*Liaison Counsel for Federal Plaintiffs*

DATED: January ___9___, 2012

SIDLEY AUSTIN LLP
SARA B. BRODY
CECILIA Y. CHAN


_____
SARA B. BRODY, ESQ.

555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Counsel for the Individual Defendants Tao Li, Ying Yang, Ken Ren, Yu Hao, Lianfu Liu, Robert Fields, and Yizhao Zhang, and Nominal Defendant China Green Agriculture, Inc.*

DOWNEY BRAND LLP
M. MAX STEINHEIMER, ESQ. (BAR NO. 2208)
JEFFREY S. GALVIN, ESQ. (BAR NO. 10591)
CARRIE L. PARKER, ESQ. (BAR NO. 10952)
427 West Plumb Lane
Reno, Nevada 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

*Liaison Counsel for the Individual Defendants Tao Li, Ying Yang, Ken Ren, Yu Hao, Lianfu Liu, Robert Fields, and Yizhao Zhang, and Nominal Defendant China Green Agriculture, Inc.*

DATED: January _____, 2012

LECLAIR RYAN
JENNIFER L. SARVADI


_____
JENNIFER L. SARVADI, ESQ.

2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 647-5944
Facsimile: (703) 684-8075

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF CURTIS B. COULTER, P.C.
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
Telephone: (775) 324-3380
Facsimile: (775) 324-3381

*Liaison Counsel for Federal Plaintiffs*

DATED: January _____, 2012

SIDLEY AUSTIN LLP
SARA B. BRODY
CECILIA Y. CHAN

_____
SARA B. BRODY, ESQ.

555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Counsel for the Individual Defendants Tao Li, Ying
Yang, Ken Ren, Yu Hao, Lianfu Liu, Robert Fields,
and Yizhao Zhang, and Nominal Defendant China
Green Agriculture, Inc.*

DOWNEY BRAND LLP
M. MAX STEINHEIMER, ESQ. (BAR NO. 2208)
JEFFREY S. GALVIN, ESQ. (BAR NO. 10591)
CARRIE L. PARKER, ESQ. (BAR NO. 10952)
427 West Plumb Lane
Reno, Nevada 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

*Liaison Counsel for the Individual Defendants Tao
Li, Ying Yang, Ken Ren, Yu Hao, Lianfu Liu, Robert
Fields, and Yizhao Zhang, and Nominal Defendant
China Green Agriculture, Inc.*

DATED: January 9___, 2012

LECLAIR RYAN
JENNIFER L. SARVADI

_____
JENNIFER L. SARVADI, ESQ.

2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 647-5944
Facsimile: (703) 684-8075

- 19 -

1

THORNDAL, AMSTRONG, DELK,
BALKENBUSH & EISINGER

2

3

STEPHEN C. BALKENBUSH

4

6590 S. McCarran Blvd., Suite B
Reno, NV 89509
Telephone: (775) 786-2882
Facsimile: (775) 786-8004

5

6

*Counsel for Federal Defendant Kabani &
Company, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX OF EXHIBITS

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Corporate Governance Term Sheet | 3 |
| B | [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | 5 |
| C | Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions | 3 |
| D | Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions | 8 |
| E | [Proposed] Final Order and Judgment | 3 |

656915

EXHIBIT A

## EXHIBIT A

## CORPORATE GOVERNANCE TERM SHEET

Subject to court approval of the settlement, the Board of Directors ("Board") of China Green Agriculture, Inc. ("CGA" or the "Company") has authorized the Company to adopt the following Corporate Governance Reforms. The Company further commits that these Corporate Governance Reforms will be maintained for five years, except where the time frame is expressly provided for herein, or except where further changes are necessary to reflect changes in the law, regulations, exchange listing requirements, or business needs of the Company.

### I.  INDEPENDENT CONSULTANT ON CORPORATE GOVERNANCE

- The Company has engaged Ernst & Young ("E&Y") from November 2010 to November 2011 regarding the Sarbanes-Oxley Act of 2002 ("SOX"), section 404 compliance. If necessary and appropriate, the Company will extend the engagement with E&Y (or retain another appropriate SOX compliance consultant) until the completion of the project.

- The Company will either extend the E&Y engagement or will contract with another appropriate compliance consultant to assist CGA in implementing additional processes and procedures so as to be in compliance with the Dodd-Frank Wall Street Reform and Consumer Protection Act, when the Dodd-Frank rule-making process is completed.

### II.  BOARD OF DIRECTORS

- <u>New Board Seats</u>. The Company will agree to use best efforts to locate and appoint another independent director, who qualifies under the NYSE rules of financial literacy and accounting or related financial management expertise so as to serve on the Audit Committee within the next year.

- <u>Committees</u>. Any director may only be the Chair of one standing committee (Audit, Compensation, or Nominating), except in exigent circumstances.

- <u>Self-Evaluation</u>. The Board will annually conduct a self-evaluation, which shall include each Board member's individual participation in responding to a confidential questionnaire which shall be sent to outside counsel for review and discussion. The questionnaire shall contain the following topics, among others: (i) the Board's role (corporate strategy, budgets, core operations, shareholder value); (ii) the Board & Committee's Structure (size, independence, compensation); the Board's Relationship with Management (communication, support and challenging); and the

Board's Information, Training, and Resources (expertise and time, materials and dialog at meetings).

- <u>Training</u>.  The Company agrees to provide an internal training, by its outside counsel or consultants, regarding issues of director responsibilities and director duties.  This training will be held within twelve months of court approval of this settlement agreement and adjacent to a Board meeting.  The Company further agrees to provide an internal refresher course to directors once every two years thereafter.

## III.   AUDITING AND ACCOUNTING PROCEDURES

- The Company shall agree that as a result of derivative lawsuits, the Company has engaged an independent CPA firm, Pickard & Green, to evaluate and implement improvements on the Company's systems on U.S. Securities and Exchange Commission ("SEC") reporting for 2011, and if necessary and appropriate, will extend the engagement for an additional year.

- The Company shall agree that as a result of the derivative lawsuits and the engagement of Pickard & Green, the Company has improved the following: reporting protocol; archiving of documents; financial consolidation process and procedures; and training of personnel in connection with quarterly financial rollup, reporting, and disclosure.

- The Company shall agree that as a result of the derivative lawsuits, the Company has implemented a Disclosure Task Force to review SEC filings.  The Disclosure Task Force will become a Disclosure Committee, which shall be comprised of the individuals in the following positions: Controller, Finance Director, CFO, Board Secretary, and IR officer.  In addition to these members, the CEO shall be an advisory member of the Disclosure Committee, to provide input and to be consulted with as appropriate.  The Disclosure Committee, or its representative, shall meet with the Audit Committee on an annual basis in preparation of the Company's filing of its form 10-K with the SEC.

- The Company shall create a position for an additional China-based individual in the Finance Department to assist in the preparation of SEC filings and GAAP requirements.

- The Company shall provide periodic training to those on the finance team and other relevant personnel with responsibility for U.S. GAAP accounting and financial reporting.

- The Company shall amend its Audit Committee Charter to include the following provision:

The Audit Committee shall regularly report to the Board any issues that arise with respect to the quality or integrity of the Company's financial statements, the Company's compliance with legal or regulatory requirements, the performance and independence of the Company's independent auditors, and the performance of the internal audit function.

## IV.  PRESERVATION OF DOCUMENTS

- The Company agrees to maintain all documents filed with United States and the People's Republic of China government agencies, including the supporting documents for these submissions, for either seven years from the submission to the relevant government agency or the period as required by the applicable agency for such documents, whichever is longer.

## V.  MATTERS RELATING TO INDEPENDENT AUDITORS

- The Company agrees to use its best efforts to retain either a "Big 4" audit firm or a large international audit firm for its next fiscal year (July 1, 2011 – June 30, 2012).

## VI.  WHISTLE-BLOWER HOTLINE

- The Company shall continue to maintain a complaint box and a whistleblower hotline and email address.  The complaint box shall be maintained at the Company's headquarters.  The contact information for the whistleblower hotline and email address shall continue to be provided in the Employee Handbook, and additionally, the Company further agrees to post it conspicuously at the Company, such as in break rooms or other appropriate employee gathering locations.  In addition, the Company agrees to post the whistleblower hotline and email address on its website. Employees may use this communication channel to report concerns relating to ethical business or personal conduct, integrity, and professionalism.  This reporting system, however, shall not replace the other methods employees have traditionally used to communicate with China Green.

EXHIBIT B

1
2
3
4
5
6
7
8
IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
9
IN AND FOR CARSON CITY

| | |
|---|---|
| IN RE CHINA GREEN AGRICULTURE, INC. DERIVATIVE SHAREHOLDER LITIGATION | Lead Case No. 10 OC 00563 1B |
| | (Consolidated with Case Nos. 11 OC 00208 1B and 11 OC 00202 1B) |
| This Document Relates To: | |
| ALL ACTIONS | Dept. No. I |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| | **EXHIBIT B** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, a consolidated shareholder derivative action is pending before the Court

2    under the caption *In re China Green Agriculture, Inc. Derivative Shareholder Litigation*, Lead

3    Case No. 10 OC 00563 1B;

4    WHEREAS, a related shareholder derivative action is pending in the U.S. District Court

5    for the District of Nevada under the caption *Rier v. Li*, Case No. 1:11-CV-00039;

6    WHEREAS, the Parties have made an application for an order: (i) preliminarily

7    approving the proposed Settlement of the Actions in accordance with the Stipulation of

8    Settlement (the "Stipulation"), which together with the exhibits annexed thereto, sets forth the

9    terms and conditions for the proposed settlement of the Actions (the "Settlement"); (ii) approving

10   the form and content of the notices for posting on the websites of Robbins Umeda LLP and

11   China Green Agriculture, Inc. ("China Green" or the "Company"), for publication in *Investor's*

12   *Business Daily*, and for filing with the U.S. Securities and Exchange Commission ("SEC") via a

13   Current Report on Form 8-K; and (iii) setting a date for the Settlement Hearing;

14   WHEREAS, the Court having: (i) read and considered State Plaintiffs' Unopposed

15   Motion for Preliminary Approval of Settlement together with the accompanying Memorandum

16   of Law; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and

17   (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval

18   of the Settlement;

19   WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement

20   falls within the range of possible approval criteria, as it provides a beneficial result for China

21   Green and appears to be the product of good-faith, informed, and non-collusive negotiations

22   between experienced and able counsel for the Parties;

23   WHEREAS, the Court also finds, upon a preliminary evaluation, that Current China

24   Green Shareholders should be apprised of the Settlement through the proposed form of notice,

25   allowed to file objections, if any, thereto, and to appear at the Settlement Hearing; and

26   WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall

27   have the same meanings and/or definitions as set forth in the Stipulation.

28

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

1. The Court does hereby preliminarily approve the Settlement as set forth in Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pending the Court's determination as to final approval of the Settlement, Plaintiffs and all Current China Green Shareholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

3. The Settlement Hearing shall be held before this Court on _____, 2012, at __:__ _.m., in the First Judicial District Court of Nevada in and for Carson City, located at 885 East Musser Street, Suite 3031, Carson City, Nevada 89701, to determine: (i) whether the Settlement of the State Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to China Green and should be approved by the Court; (ii) whether the State Action should be dismissed with prejudice; and (iii) whether the Court should approve the Fee Amount. The Court may adjourn the Settlement Hearing without further notice to Current China Green Shareholders.

4. The Court approves, as to form and content, the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Summary Notice") and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice") and finds that the provisions of the Summary Notice and Notice, substantially in the manner and form set forth in Exhibits C and D to the Stipulation, meet the requirements of Nevada law and due process, and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of Notice may be made without further approval of the Court.

5. Within ten calendar days after the entry of this Order, China Green shall publish the Summary Notice once in *Investor's Business Daily*. The costs associated with publishing the Summary Notice shall be paid by Defendants.

6.      Within ten calendar days after the entry of this Order, China Green shall post copies of the Notice and the Stipulation on its company website and cause a copy of the Notice to be filed with the U.S. Securities and Exchange Commission ("SEC") via a Form 8-K.

7.      Within ten calendar days after the entry of this Order, Robbins Umeda LLP shall post copies of the Notice and the Stipulation on its firm website.

8.      At least ten calendar days prior to the Settlement Hearing, Plaintiffs' Co-Lead Counsel and Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing publishing and posting of the Summary Notice and Notice.

9.      Any Current China Green Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee Amount should not be finally approved, provided, however, unless otherwise ordered by the Court, no Current China Green Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Amount, unless that shareholder has, ***at least fourteen calendar days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the settlement setting forth: (a) the nature of the objection; (b) proof of ownership of China Green common stock through the date of the Settlement Hearing, including the number of shares of China Green common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current China Green Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If a Current China Green Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or

briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

ROBBINS UMEDA LLP
Attn: Kevin A. Seely, Esq.
600 B Street, Suite 1900
San Diego, CA 92101

THE WEISER LAW FIRM, P.C.
Attn: Robert B. Weiser, Esq.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

*Co-Lead Counsel for Plaintiffs*

SIDLEY AUSTIN LLP
Attn:  Sara B. Brody, Esq.
555 California Street
San Francisco, CA 94104

*Counsel for China Green and the Individual Defendants*

LeCLAIRRYAN
Attn:  Jennifer Sarvadi, Esq.
2318 Mill Road, Suite 1100
Alexandria, VA 22314

*Counsel for Kabani & Company, Inc.*

Any Current China Green Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the Fee Amount as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10.    No later than seven calendar days before the Settlement Hearing, all briefs supporting the Settlement, including any responses to stockholder objections, if any, shall be served and filed.

11.    Any Current China Green Shareholder who does not make his, her, or its objection to the Settlement before or at the Settlement Hearing shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the Settlement.

12.    All Current China Green Shareholders (and his, hers, or its successors, predecessors, and assigns) shall be bound by all determinations and judgments in the State Action concerning the Settlement.

- 4 -

13.   If the Settlement does not become Final for any reason, the Settlement and the settlement documents shall be null and void and of no force and effect. In such event, the Parties shall return to their respective litigation positions in the State Action as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the State Action, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement, and neither the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the State Action, or in any litigation or judicial proceeding, other than to enforce the terms therein.

14.   All proceedings in the State Action, except for those proceedings related to the Settlement, shall continue to be stayed until the resolution of all Settlement-related proceedings.

* * *

IT IS SO ORDERED.

DATED: _____          _____

THE HONORABLE JAMES T. RUSSELL
DISTRICT COURT JUDGE

657817

- 5 -

EXHIBIT C

1

2

3

4

5

6

7

8          IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9                          IN AND FOR CARSON CITY

10

| | |
|---|---|
| IN RE CHINA GREEN AGRICULTURE, INC. DERIVATIVE SHAREHOLDER LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS | ) ) ) ) ) ) ) ) ) |

Lead Case No. 10 OC 00563 1B

(Consolidated with Case Nos. 11 OC 00208 1B and 11 OC 00202 1B)

Dept. No. I

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTIONS**

**EXHIBIT C**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO:    ALL OWNERS OF CHINA GREEN AGRICULTURE, INC. COMMON STOCK AS OF JANUARY 10, 2012:**

YOU ARE HEREBY NOTIFIED, pursuant to an order of the First Judicial District Court of the State of Nevada in and for Carson City (the "Court"), that the parties to the above captioned action, as well as the parties to an action pending in the U.S. District Court for the District of Nevada captioned *Rier v. Li*, Case No. 1:11-CV-00039 (collectively, the "Actions"), have reached an agreement to settle the shareholder derivative claims brought on behalf and for the benfit of China Green Agriculture, Inc. ("China Green" or the "Company").  If you are a China Green shareholder, your rights to pursue certain derivative claims on behalf of China Green may be affected by this settlement.  This notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Actions, but is merely to advise you of the pendency and proposed settlement of the Actions.  In consideration for the settlement, China Green has agreed to adopt significant corporate governance reforms designed to strengthen the Company's internal controls.

PLEASE BE FURTHER ADVISED that pursuant to an order of the Court, a Settlement Hearing shall be held on _____, 2012, at _:__ _.m., before the Honorable James T. Russell, located at 885 East Musser Street, Suite 3031, Carson City, Nevada 89701.  At the Settlement Hearing, the Court will consider whether to grant final approval of the settlement and plaintiffs' attorneys' fees and expenses.  The Court may adjourn the Settlement Hearing without further notice to China Green shareholders.

The Stipulation of Settlement and the detailed Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice"), describing the Actions, the proposed settlement, and the rights of China Green shareholders with regard to the settlement, has been filed with the Court and is available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and China Green at http://www.cgagri.com.

You have the right, but are not required, to appear in person or through counsel at the Settlement Hearing to object to the terms of the proposed settlement or otherwise present evidence or argument that may be proper and relevant.  However, you shall not be heard, and no papers,

1    briefs or other documents by you shall be received and considered by the Court (unless the Court

2    in its discretion shall thereafter otherwise direct, upon application of such person and for good

3    cause shown), unless not later than *fourteen calendar days prior to the Settlement Hearing*, you

4    file with the Clerk of Court located 885 East Musser Street, Suite 3031, Carson City, Nevada

5    89701: (i) a written notice of the nature of your objection with your name, address, and telephone

6    number, along with a representation as to whether you intend to appear at the Settlement Hearing;

7    (ii) competent evidence that you held shares of China Green common stock as of January 10, 2012,

8    and that you continue to hold shares of China Green common stock as of the date of the Settlement

9    Hearing; (iii) a statement of your objections to any matters before the Court, the grounds therefor

10   or the reasons for your desiring to appear and be heard, as well as all documents or writings you

11   desire the Court to consider; and (iv) the identities of any witnesses you plan on calling at the

12   Settlement Hearing, along with a summary description of their likely testimony.

13          In addition, on or before the date of such filing, *you must also serve the same documents*

14   *via first class mail or overnight delivery upon each of the following:*

15                              ROBBINS UMEDA LLP
                                Attn: Kevin A. Seely, Esq.
16                              600 B Street, Suite 1900
                                San Diego, CA 92101
17
                                THE WEISER LAW FIRM, P.C.
18                              Attn: Robert B. Weiser, Esq.
                                121 N. Wayne Avenue, Suite 100
19                              Wayne, PA 19087

20                              *Co-Lead Counsel for Plaintiffs*

21                              SIDLEY AUSTIN LLP
                                Attn:  Sara B. Brody, Esq.
22                              555 California Street
                                San Francisco, CA 94104
23
                                *Counsel for China Green and the Individual Defendants*
24
                                LeCLAIRRYAN
25                              Attn:  Jennifer Sarvadi, Esq.
                                2318 Mill Road, Suite 1100
26                              Alexandria, Virginia 22314

27                              *Counsel for Kabani & Company, Inc.*

28

                                         - 2 -

1   Unless the Court otherwise directs, you shall not be entitled to object to the approval of the

2   settlement, to plaintiffs' attorneys' fees and expenses, or to otherwise be heard, except by serving

3   and filing a written objection and supporting papers and documents as prescribed above. *If you*

4   *fail to object in the manner and within the time prescribed above, you shall be deemed to have*

5   *waived your right to object (including the right to appeal) and shall forever be barred, in this*

6   *proceeding or in any other proceeding, from raising such objection(s).*

7                 **PLEASE DO NOT TELEPHONE THE COURT OR CHINA GREEN**
                              **REGARDING THIS NOTICE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   657163
     SF1 1754789v.1

28

EXHIBIT D

1

2

3

4

5

6

7

8 IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9 IN AND FOR CARSON CITY

| | |
|---|---|
| IN RE CHINA GREEN AGRICULTURE, INC. DERIVATIVE SHAREHOLDER LITIGATION | ) Lead Case No. 10 OC 00563 1B |
| | ) |
| | ) (Consolidated with Case Nos. 11 OC 00208 1B and 11 OC 00202 1B) |
| This Document Relates To: | ) |
| | ) Dept. No. I |
| ALL ACTIONS | ) |
| | ) **NOTICE OF PENDENCY AND** |
| | ) **PROPOSED SETTLEMENT OF** |
| | ) **SHAREHOLDER DERIVATIVE** |
| | ) **ACTIONS** |
| | ) |
| | ) **EXHIBIT D** |

17

18

19

20

21

22

23

24

25

26

27

28

**TO:     ALL OWNERS OF CHINA GREEN AGRICULTURE, INC. ("CHINA GREEN" OR "THE COMPANY") COMMON STOCK AS OF JANUARY 10, 2012 ("CURRENT CHINA GREEN SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.   YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, SHAREHOLDERS OF CHINA GREEN WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS.  THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**IF YOU WERE NOT THE BENEFICIAL OWNER OF CHINA GREEN COMMON STOCK ON THE RECORD DATE, PLEASE TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an order of the First Judicial District Court of the State of Nevada in and for Carson City (the "Court"), that a proposed Settlement has been reached between the Parties[1] to the following shareholder derivative actions brought on behalf of China Green: (i) *In re China Green Agriculture, Inc. Shareholder Derivative Litigation*, Lead Case No. 10 OC 00563 1B ("State Action"); and (ii) *Rier v. Li*, Case No. 1:11-CV-00039, pending the U.S. District Court for the District of Nevada ("Federal Action") (collectively, the "Actions").

---

[1] For purposes of this Notice, the Court incorporates by reference the definitions in the Parties' Stipulation of Settlement ("Stipulation") fully executed as of January 10, 2012, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.  A copy of the Stipulation may be inspected at the Clerk of the Court's Office for the First Judicial District Court for the State of Nevada in and for Carson City, 885 East Musser Street, Suite 3031, Carson City, Nevada 89701. The Stipulation is also available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and China Green at http://www.cgagri.com.

- 1 -

As explained below, the Court will hold a Settlement Hearing on _____, 2012 at __:__ _.m., before the Honorable James T. Russell, located at 885 East Musser Street, Suite 3031, Carson City, Nevada 89701, to determine whether to approve the Settlement.  You have the right to object to the Settlement in the manner provided herein.  If you fail to object in the manner provided herein *at least fourteen calendar days prior to the Settlement Hearing*, you will be deemed to have waived your objections and will be bound by the Final Order and Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Actions, but is merely to advise you of the pendency and Settlement of the Actions.

## I.       THE ACTIONS

The Actions are brought by Plaintiffs solely on behalf of and for the benefit of China Green and against the Individual Defendants and Kabani & Company, Inc., the Company's auditor. Plaintiffs generally allege, among other things, that the Individual Defendants breached their fiduciary duties of due care, loyalty, and good faith to the Company in connection with certain alleged improper statements regarding aspects of the Company's financial operations and results, which raised significant concerns about the Company's future business prospects.

## II.      TERMS OF THE SETTLEMENT

The terms and conditions of the proposed Settlement are set forth in the Stipulation described above.  The following is only a summary of its terms.

In consideration for the Settlement, China Green has agreed to adopt significant Corporate Governance Reforms designed to strengthen the Company's internal controls.  China Green and the Individual Defendants acknowledge and agree that the filing, prosecution, and Settlement of the Actions were a substantial material factor behind the Company's decision to implement these corporate governance measures.  China Green and the Individual Defendants further acknowledge and agree that the corporate governance measures are significant and extensive and confer substantial benefits upon China Green and its shareholders by, among other things, helping to improve the corporate governance, internal controls, and disclosure procedures at the Company.

1    For example, the Corporate Governance Reforms set forth policies and procedures that are

2  designed to strengthen, among other things,  the Company's internal controls concerning its public

3  disclosures.  In particular, as a result of the Actions, the Company has implemented a Disclosure

4  Task Force to review U.S. Securities and Exchange Commission (the "SEC") filings.  In addition,

5  the Company has engaged an independent CPA firm, Pickard & Green, to evaluate and implement

6  improvements on the Company's systems on SEC reporting for 2011, and if necessary and

7  appropriate, will extend the engagement for an additional year.  Further, as a result of the Actions

8  and the engagement of Pickard & Green, China Green will improve its reporting protocols,

9  archiving of documents, financial consolidation process and procedures, and training of personnel

10  in connection with quarterly financial rollup, reporting, and disclosure.  The reforms also require

11  that the Company adopt certain policies designed to ensure that China Green's directors stay

12  abreast of developments in legal standards related to corporate governance, disclosure obligations,

13  and industry specific issues.

14    China Green's Board of Directors has approved the Corporate Governance Reforms and,

15  subject to the Court's approval of the settlement, to cause the Company to adopt and to maintain

16  such reforms for a period of not less than five years from the date the respective Corporate

17  Governance Reforms are adopted.

18    This Notice provides a summary of some, but not all, of the Corporate Governance

19  Reforms that China Green has agreed to adopt as consideration for the Settlement.  For a list of all

20  of the Corporate Governance Reforms, please see Exhibit A attached to the Stipulation.

21  **III.    DISMISSAL AND RELEASES**

22    The Settlement is conditioned, among other things, upon: (i) entry of an order by the Court

23  approving the Settlement and dismissing the State Action with prejudice; and (ii) entry of an order

24  by the U.S. District Court for the District of Nevada dismissing the Federal Action with prejudice.

25  The Settlement will not become effective until such dismissals have been entered and have

26  become final and non-appealable (the "Effective Date").

27    Upon the Effective Date, China Green, Plaintiffs, and Current China Green Shareholders

28  shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

released, relinquished, and discharged all claims, debts, demands, rights, or causes of action or liabilities, including Unknown Claims, existing derivatively on behalf of China Green against the Defendants and each of their respective past or present subsidiaries, parents, successors and predecessors, insurers, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and any firm, trust, corporation, officer, director, or other individual or entity in which any Individual Defendant, China Green, or Kabani has a controlling interest, and the legal representatives, heirs, successors in interest, or assigns of any Defendant (the "Released Persons"), that have been asserted or could have been asserted by China Green or by China Green's shareholders suing derivatively on behalf of China Green against the Released Persons: (i) in the Actions;; (ii) based on or related to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act relating to the Company's disclosures at issue in the Actions, including all matters alleged in any of the complaints filed in the Actions, and that could have been alleged in the complaints up to and including the date of this Stipulation, and or (iii) the Settlement, except for any claims to enforce the terms of the Settlement (the "Released Claims").

Further, upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all claims, debts, rights, or causes of action or liabilities, including Unknown Claims, that could be asserted in any forum by the Released Persons or their successors and assigns or their subrogates, against Plaintiffs and Plaintiffs' Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the Actions (except for any claims to enforce the Settlement). Further, upon the Effective date, Kabani shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, and extinguished any and all claims, including Unknown Claims, against China Green, the Individual Defendants, and their Related Persons, including but not limited to claims for indemnification, contribution, or breach of contract, except this does not include any outstanding fees for prior audit work; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.

1    **IV.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

2         Plaintiffs believe the Actions have substantial merit.  Nonetheless, Plaintiffs and Plaintiffs'

3    Counsel recognize and acknowledge the significant risk, expense, and length of continued

4    proceedings necessary to prosecute the Actions against the Individual Defendants through trial and

5    possible appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the

6    risks of any litigation, especially in complex cases such as the Actions, including the difficulties

7    and delays inherent in such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems

8    of proof and possible defenses to the claims alleged in such actions.  Plaintiffs' Counsel have

9    conducted a thorough review and analysis of the relevant facts, allegations, defenses, and

10   controlling legal principles, and believe that the Settlement set forth in the Stipulation is fair,

11   reasonable, and adequate, and confers substantial benefits upon China Green and its shareholders.

12   Based upon Plaintiffs' Counsel's evaluation, Plaintiffs have determined that the Settlement is in the

13   best interests of China Green and have agreed to settle the Actions upon the terms and subject to

14   the conditions set forth in the Stipulation.

15   **V.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

16        The Individual Defendants have denied and continue to deny they have committed,

17   threatened, or attempted to commit, any violations of law or breached any duty owed to Plaintiffs,

18   China Green, or its shareholders.  Without admitting the validity of any allegations made in the

19   Actions, or any liability with respect thereto, the Individual Defendants have concluded that it is

20   desirable that the claims against them be settled on the terms reflected in the Stipulation.  The

21   Individual Defendants and China Green are entering into this Settlement because it will eliminate

22   the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.  Further, the

23   Individual Defendants and China Green acknowledge that the Settlement is fair, reasonable,

24   adequate, and in the best interests of China Green and its shareholders.  The Individual Defendants

25   and China Green also acknowledge and agree that the corporate governance measures to be

26   implemented directly as a result of the Settlement are significant and extensive and confer

27   substantial benefits upon China Green and its shareholders by further improving the corporate

28   governance, internal controls, and disclosure procedures at the Company.  Kabani also denied and

1   continues to deny any wrongdoing, negligence, error, or omission on its part related to the auditing

2   or accounting services provided to China Green.

3          Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor

4   any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out

5   the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the

6   Released Claims or an admission by or against China Green, the Individual Defendants, or Kabani

7   of any fault, wrongdoing, or concession of liability whatsoever.

8   **VI.    PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

9          After negotiating the substantive terms of the Settlement, and in recognition of the

10  substantial benefits conferred on China Green as a direct result of the prosecution and Settlement

11  of the actions, and subject to Court approval, the Settling Parties reached an agreement as to a fair

12  and reasonable sum to be paid for Plaintiffs' attorneys' fees and expenses.  China Green and Kabani

13  shall pay, or cause to be paid, to Plaintiffs' Counsel the agreed-to-amount of $650,000 for

14  attorneys' fees and expenses (the "Fee Amount").  Plaintiffs' Co-Lead Counsel shall request

15  approval by the Court of the Fee Amount at the Settlement Hearing.  To date, Plaintiffs' Counsel

16  have neither received any payment for their services in conducting the Actions, nor have Plaintiffs'

17  Counsel been reimbursed for their out-of-pocket litigation expenses incurred.  Plaintiffs' Co-Lead

18  Counsel believe that the Fee Amount is within the range of fees and expenses awarded to Plaintiffs'

19  Counsel under similar circumstances in litigation of this type.

20  **VII.   THE SETTLEMENT HEARING AND YOUR RIGHT TO BE HEARD**

21         The Settlement Hearing will be held before the Honorable James T. Russell of the Court on

22  _____, 2012 at __:__ __.m., located at 885 East Musser Street, Suite 3031, Carson City,

23  Nevada, 89701.  The Settlement Hearing may be continued by the Court at the Settlement Hearing,

24  or at any adjourned session thereof without further notice.

25         Any Current China Green Shareholder may object and/or appear and show cause, if he,

26  she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and

27  adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee

28  Amount should not be finally approved; provided, however, unless otherwise ordered by the

1   Court, no Current China Green Shareholder shall be heard or entitled to contest the approval of the

2   terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered

3   thereon approving the same, or the Fee Amount, unless that shareholder has, ***at least fourteen***

4   ***calendar days prior to the Settlement Hearing***: (1) file with the Clerk of the Court a written

5   objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of

6   China Green common stock through the date of the Settlement Hearing, including the number of

7   shares of China Green common stock and the date of purchase; and (c) any documentation in

8   support of such objection; and (2) if a Current China Green Shareholder intends to appear and

9   requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the

10   requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such

11   shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and

12   (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a

13   statement as to the subjects of their testimony.  If a Current China Green Shareholder files a written

14   objection and/or written notice of intent to appear, such shareholder must also simultaneously

15   serve copies of such notice, proof, statement, and documentation, together with copies of any other

16   papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail)

17   upon each of the following:

ROBBINS UMEDA LLP
Attn: Kevin A. Seely, Esq.
600 B Street, Suite 1900
San Diego, CA 92101

THE WEISER LAW FIRM, P.C.
Attn: Robert B. Weiser, Esq.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

*Co-Lead Counsel for Plaintiffs*

SIDLEY AUSTIN LLP
Attn:  Sara B. Brody, Esq.
555 California Street
San Francisco, CA 94104

*Counsel for China Green and the Individual Defendants*

- 7 -

LeCLAIRRYAN
Attn:  Jennifer Sarvadi, Esq.
2318 Mill Road, Suite 1100
Alexandria, VA 22314

*Counsel for Kabani & Company, Inc.*

Unless the Court otherwise directs, you shall not be entitled to object to the approval of the Settlement, to the Fee Amount, or to otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. ***If you fail to object in the manner and within the time prescribed above you shall be deemed to have waived your right to object (including the right to appeal) and shall forever be barred, in this proceeding or in any other proceeding, from raising such objection(s)****.*

**VIII.    CONDITIONS FOR SETTLEMENT**

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (i) approval of the Settlement; (ii) dismissal of the Actions with prejudice; and (iii) expiration of the time to appeal from, or alter or amend, the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met and the entry of the Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void; and the parties to the Stipulation will be restored to their respective positions as of the execution date of the Stipulation.

**IX.       EXAMINATION OF PAPERS AND INQUIRIES**

There is additional information concerning the Settlement available in the Stipulation, which may be inspected during business hours at the office of the Clerk of the Court and viewed on the websites of China Green at www.cgagri.com and Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html.

For more information concerning the Settlement, you may also call or write to: Robbins Umeda LLP, c/o Lauren G. Levi, Client Relations, 600 B Street, Suite 1900, San Diego, California 92101, Telephone: (619) 525-3990.

**PLEASE DO NOT TELEPHONE THE COURT OR CHINA GREEN
REGARDING THIS NOTICE.**

657138
SF1 1754790v.1

- 8 -

# EXHIBIT E

1

2

3

4

5

6

7

8          IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9                          IN AND FOR CARSON CITY

10   IN RE CHINA GREEN AGRICULTURE,   )   Lead Case No. 10 OC 00563 1B
     INC. DERIVATIVE SHAREHOLDER      )
11   LITIGATION                       )   (Consolidated with Case Nos. 11 OC 00208
                                      )   1B and 11 OC 00202 1B)
12   This Document Relates To:        )
                                      )   Dept. No. I
13         ALL ACTIONS                )
                                      )   **[PROPOSED] FINAL ORDER AND**
14                                    )   **JUDGMENT**
                                      )
15                                    )   **EXHIBIT E**
16                                    )
                                      )
17   _____)

18

19

20

21

22

23

24

25

26

27

28

This matter came before the Court for hearing, pursuant to the Preliminary Approval Order[1] of this Court dated _____, 2012, on the application of the Parties for approval of the Settlement set forth in the Stipulation, and due and adequate notice having been given to Current China Green Shareholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction over the subject matter of the State Action and over all parties to the State Action.

2.      This Judgment incorporates and makes a part hereof: (i) the Stipulation; and (ii) the Court-approved Notice which was filed with the Court as Exhibit B to the Stipulation.

3.      The Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Summary Notice") and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice") provided the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the Actions and of the matters set forth in the Stipulation, including the Settlement, to all Persons entitled to such notices, and the Notice fully satisfied the requirements of Nevada law and process, and any other applicable law, statute, or rule.

4.      The Court finds the Settlement is in all respects fair, reasonable, and adequate with respect to China Green, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation, and hereby approves the Settlement as set forth in the Stipulation.

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation of Settlement dated January 10, 2012 (the "Stipulation").

5. The Court approves the agreed-to Fee Amount of $650,000 for the payment of Plaintiffs' attorneys' fees and expenses. Payment of the Fee Amount shall be made in accordance with the terms and subject to the conditions of the Stipulation.

6. Upon the Effective Date, Plaintiffs, China Green, and Current China Green Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

7. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Defendants' Released Claims against Plaintiffs and Plaintiffs' Counsel; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

8. Upon the Effective Date, Federal Defendant Kabani & Company, Inc. shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice any and all claims against China Green; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

9. The Court permanently bars and enjoins Plaintiffs, China Green, and Current China Green Shareholders from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution, or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

10. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over the State Action and the Parties for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.  The time to appeal from this Judgment shall commence upon notice of entry of the Judgment.

12.     In the event that this Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

13.     The Court finds that during the course of the State Action the Parties and their respective counsel at all times acted professionally and in compliance with Nevada Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the State Action.

14.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     The State Action is hereby dismissed as to all Defendants with prejudice, and without fees or costs (except as set forth in the Stipulation and paragraph 6 herein).

16.     The Court directs immediate entry of the final Judgment by the Clerk of the Court.

* * *

**ORDER**

**IT IS SO ORDERED.**

DATED:_____

_____
THE HONORABLE JAMES T. RUSSELL
DISTRICT COURT JUDGE

657825

- 3 -

# *Exhibit "2"*

REC'D & FILED

2012 MAR 30  PM 1:39

ALAN GLOVER

BY J. HARKLEROAD CLERK

DEPUTY

1

2

3

4

5

6

7

8              IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9                              IN AND FOR CARSON CITY

10  IN RE CHINA GREEN AGRICULTURE,        )   Lead Case No. 10 OC 00563 1B
    INC. DERIVATIVE SHAREHOLDER          )
11  LITIGATION                           )   (Consolidated with Case Nos. 11 OC 00208
                                         )   1B and 11 OC 00202 1B)
12                                       )
    This Document Relates To:            )
13                                       )   Dept. No. I
    ALL ACTIONS                          )
14                                       )   [PROPOSED] FINAL ORDER AND
                                         )   JUDGMENT
15                                       )
                                         )
16                                       )
                                         )
17                                       )

18

19

20

21

22

23

24

25

26

27

28

1     This matter came before the Court for hearing, pursuant to the Preliminary Approval

2 Order[1] of this Court dated February 2, 2012, on the application of the Parties for approval of the

3 Settlement set forth in the Stipulation, and due and adequate notice having been given to Current

4 China Green Shareholders as required in the Preliminary Approval Order, and the Court having

5 considered all papers filed and proceedings had herein and otherwise being fully informed in the

6 premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND

7 DECREED that:

8     1.    This Court has jurisdiction over the subject matter of the State Action and over all

9 parties to the State Action.

10     2.    This Judgment incorporates and makes a part hereof: (i) the Stipulation; and

11 (ii) the Court-approved Notice which was filed with the Court as Exhibit B to the Stipulation.

12     3.    The Summary Notice of Pendency and Proposed Settlement of Shareholder

13 Derivative Actions ("Summary Notice") and the Notice of Pendency and Proposed Settlement of

14 Shareholder Derivative Actions ("Notice") provided the best notice practicable under the

15 circumstances.  The Notice provided due and adequate notice of the Actions and of the matters

16 set forth in the Stipulation, including the Settlement, to all Persons entitled to such notices, and

17 the Notice fully satisfied the requirements of Nevada law and process, and any other applicable

18 law, statute, or rule.

19     4.    The Court finds the Settlement is in all respects fair, reasonable, and adequate

20 with respect to China Green, and directs that the Settlement be consummated in accordance with

21 the terms and conditions set forth in the Stipulation, and hereby approves the Settlement as set

22 forth in the Stipulation.

23

24

25

26 [1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation

27 of Settlement dated January 10, 2012 and filed with the Court on January 11, 2012 (the "Stipulation").

28

1

1   5.  The Court approves the agreed-to Fee Amount of $650,000 for the payment of

2 Plaintiffs' attorneys' fees and expenses.  Payment of the Fee Amount shall be made in accordance

3 with the terms and subject to the conditions of the Stipulation.

4   6.  Upon the Effective Date, Plaintiffs, China Green, and Current China Green

5 Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully,

6 finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the

7 Released Claims against the Released Persons; provided, however, that such release shall not

8 affect any claims to enforce the terms of the Stipulation or the Settlement.

9   7.  Upon the Effective Date, each of the Released Persons shall be deemed to have,

10 and by operation of the Judgment shall have, fully, finally, and forever settled, released,

11 discharged, extinguished, and dismissed with prejudice the Defendants' Released Claims against

12 Plaintiffs and Plaintiffs' Counsel; provided, however, that such release shall not affect any claims

13 to enforce the terms of the Stipulation or the Settlement.

14   8.  Upon the Effective Date, Federal Defendant Kabani & Company, Inc. shall be

15 deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled,

16 released, discharged, extinguished, and dismissed with prejudice any and all claims against

17 China Green; provided, however, that such release shall not affect any claims to enforce the

18 terms of the Stipulation or the Settlement.

19   9.  The Court permanently bars and enjoins Plaintiffs, China Green, and Current

20 China Green Shareholders from commencing, prosecuting, instigating or in any way

21 participating in the commencement, prosecution, or instigation of any action asserting any

22 Released Claims, either directly, representatively, derivatively, or in any other capacity, against

23 any Released Person.

24   10.  The Released Persons may file the Stipulation and/or the Judgment in any action

25 that may be brought against them in order to support a defense or counterclaim based on

26 principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or

27 reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

28 counterclaim.

11.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over the State Action and the Parties for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.  The time to appeal from this Judgment shall commence upon notice of entry of the Judgment.

12.     In the event that this Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

13.     The Court finds that during the course of the State Action the Parties and their respective counsel at all times acted professionally and in compliance with Nevada Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the State Action.

14.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.     The State Action is hereby dismissed as to all Defendants with prejudice, and without fees or costs (except as set forth in the Stipulation and paragraph 6 herein).

16.     The Court directs immediate entry of the final Judgment by the Clerk of the Court.

* * *

**ORDER**

**IT IS SO ORDERED.**

DATED: March 30, 2012

_____
THE HONORABLE JAMES T. RUSSELL
DISTRICT COURT JUDGE

714050